# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

IRAEL ROMEO
HERNANDEZ-MORALES, *et al.*,

    Petitioners,

vs.

SECRETARY, DEPARTMENT
OF HOMELAND SECURITY, *et al.*

    Respondents.

Case No. 1:18-cv-505

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner Irael Romeo Hernandez-Morales, through counsel, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Currently before the Court is respondents' motion to dismiss (Doc. 9), to which petitioner has filed a response in opposition (Doc. 10). For the reasons stated below, it is recommended that the motion to dismiss be granted.

On July 24, 2018, petitioner Hernandez-Morales filed his initial petition for habeas corpus, challenging the lawfulness of his detention by the United States Immigration and Customs Enforcement Agency (ICE). In addition, petitioner brought civil rights claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), challenging the lawfulness of his arrest by police. In the petition, petitioner sought his release from detention, as well as monetary and other relief. (Doc. 1).

Thereafter, petitioner filed the operative "Amended Petition for Declaratory Judgment, A Judicial Order for Release from Detention, Other Injunctive Relief & *Bivens* Damages." (Doc. 5). In the amended petition, petitioner adds his wife, Gladys Jimenez Sales, as a petitioner and the Attorney General of the United States as a respondent. (*See* Doc. 5, at PageID 21-23). The amended petition also indicates that the Immigration Judge has granted petitioner Hernandez-

Morales release from ICE custody on a $6,500 bond. (*See* Doc. 5, at PageID 23, 26). For relief, petitioners seek monetary and declaratory relief, an order suppressing evidence in petitioner Hernandez-Morales's removal proceedings, an Order identifying the "ICE Agents [sic] Respondents," and an award of attorney's fees and costs. (Doc. 5, at PageID 29).

Respondents seek dismissal on the ground that petitioner Hernandez-Morales's release from detention on bond moots the action. (Doc. 9, at PageID 61-63). Alternatively, respondents assert that dismissal is appropriate on the ground that petitioners have failed to perfect service of process as required by Fed. R. Civ. P. 4. (Doc. 9, at PageID 63-65). Petitioners oppose the motion to dismiss, urging the Court to grant the requested declaratory, injunctive, and monetary relief. (Doc. 10). For the reasons below, the Court recommends that the action be dismissed for lack of subject-matter jurisdiction.

Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[1] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982). Because petitioner Hernandez-Morales has been released on bond, and indeed no longer seeks release from detention, his initial request for release from detention is moot. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral

---

[1]Petitioners have not alleged nor is the undersigned aware of any basis to find that petitioners will suffer future collateral consequences as a result of the previous alleged detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

2

consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal was released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012); *Ceesay v. Chertoff*, No. C07-1722RSL, 2008 WL 342744, at *1 (W.D. Wash. Feb. 4, 2008) (dismissing § 2241 petition as moot where petitioner was released from ICE custody on bond).

Next, to the extent that petitioners bring claims under the Declaratory Judgment Act, 28 U.S.C. § 2201, and *Bivens*, such claims must be filed by way of a civil complaint and are subject to the $400 filing fee. *See, e.g., Avery v. Phillips*, No. 2:14-cv-1276-STA-egb, 2016 WL 94143, at *2 (W.D. Tenn. Jan. 7, 2016) ("A civil rights action and a habeas petition have distinct purposes and contain unique procedural requirements that make a hybrid action difficult to manage.") (citing cases). *See also Flowers v. Schultz*, No. 07-0045 (JBS), 2007 WL 1186312, at *3 (D. N.J. Apr. 19, 2007) ("Actions under the Declaratory Judgment Act must be filed by way of a civil complaint[.]"). In this case, petitioners have not paid the applicable fee or issued service of process on respondents. If petitioners wish to pursue these claims, they must do so by filing a civil complaint, paying the applicable filing fee, and properly issuing service of process on respondents.

Finally, petitioners seek an Order from this Court suppressing evidence in the immigration court. District courts lack jurisdiction "over 'questions of law and fact that arise from either an action or proceeding brought in connection with the removal of an alien.'" *Morales v. Sessions*,

3

No. 17-225-DLB-HAI, 2018 WL 3732670, at *6 (E.D. Ky Aug. 6, 2018) (quoting *Hamdi ex rel. Hamdi v. Napolitano*, 620 F.3d 615, 626 (6th Cir. 2010)). *See also Puc-Ruiz v. Holder*, 629 F.3d 771, 777-81 (8th Cir. 2010) (addressing denial of suppression motion in a petition for review in the circuit court). In the absence of any authority from petitioners to the contrary, the undersigned finds that petitioners' request for an Order suppressing evidence in the immigration court is not properly before this Court.

Accordingly, in sum, it is recommended that respondents' motion to dismiss (Doc. 9) be **GRANTED** and that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction. In light of this recommendation, the undersigned need not reach respondents' alternative argument for dismissal under Fed. R. Civ. P. 4.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss be **GRANTED** and that this action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. A certificate of appealability should not issue under the standard set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling that it lacks subject-matter jurisdiction.[2] *See, e.g., Wunderlich v. City of Flushing*, No. 14-cv-14626, 2014 WL 7433411, at *3 (E.D. Mich. Dec. 31, 2014) (applying *Slack* to dismissal for lack of subject matter jurisdiction).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore

---

[2] Because this Court finds the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

4

**DENY** petitioner leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/31/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

IRAEL ROMEO
HERNANDEZ-MORALES, *et al.*,
Petitioners,

vs.

SECRETARY, DEPARTMENT
OF HOMELAND SECURITY, *et al.*
Respondents.

Case No. 1:18-cv-505

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).